## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND AUTOMAX, INC. d/b/a AUTOMAX PREOWNED AND AUTOMAX, )<br><br>Plaintiff, )<br><br>v. )<br><br>PRIDE CHRYSLER-JEEP, INC. d/b/a SEEKONK AUTOMAX AND PRIDE AUTOMAX, )<br><br>Defendant. ) | Civ. Action No.<br><br>**Demand for Jury Trial** |

## COMPLAINT

Plaintiff New England Automax, Inc. d/b/a Automax Preowned and Automax, ("Automax"), by their undersigned attorneys, bring this Complaint against, Defendant Pride Chrysler-Jeep, Inc. d/b/a Seekonk Automax and Pride Automax (collectively, "Defendant") and allege as follows:

## JURISDICTION AND VENUE

1.      This is an action at law and in equity for trademark infringement, trade dress infringement, dilution, unfair competition, and deceptive trade practices arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; the trademark statute of the Commonwealth of Massachusetts, Mass. Gen. Laws ch. 110H, §12; the anti-dilution statute of the Commonwealth of Massachusetts, Mass. Gen. Laws ch. 110H, §13; the common law of the Commonwealth of Massachusetts; and the Massachusetts Unfair and Deceptive Trade Practices Act, Mass. Gen. Laws ch. 93A, §§ 1-1l.

2.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because Automax's federal claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq*.  This Court has subject matter jurisdiction over Automax's related state law and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3.      Upon information and belief, this Court has personal jurisdiction over the Defendant because Defendant is a Massachusetts Corporation that conducts, solicits, and transacts business within this judicial district and elsewhere in the Commonwealth of Massachusetts, derives revenue from the sale and distribution of, and/or provides services related to, used automobiles within this judicial district and elsewhere in the Commonwealth of Massachusetts.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because all the acts complained of herein occurred in this judicial district and each party is subject to personal jurisdiction in this judicial district.

## THE PARTIES

5.      Plaintiff Automax is a Massachusetts Corporation with a principal place of business located at 1199 Worcester Road, Framingham, Massachusetts 01701.

6.      Upon information and belief, Defendant is a Massachusetts Corporation with a principal place of business located at 13 Taunton Avenue, Seekonk, Massachusetts 02771.  Defendant currently operates two second hand automotive sales and service locations in the Commonwealth of Massachusetts: Pride Automax, located at 865 S. Washington Street, North Attleboro, Massachusetts 02760 and Seekonk Automax, located at 13 Taunton Avenue, Seekonk, Massachusetts 02771.  Defendant also advertises and offers used vehicles for sale and automobile maintenance and collision services online at www.prideautomax.com and www.seekonkautomax.com.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### PLAINTIFF'S AUTOMAX TRADEMARK AND TRADE DRESS

7.      Automax was incorporated in 1997 and over the last fifteen (15) years has grown into New England's premier pre-owned automobile dealership and the largest, independent, full service, pre-owned auto dealership in Massachusetts.  Automax has provided consumers in Massachusetts, New England and throughout the United States with the largest selection of pre-owned vehicle inventory, savings and related services for over fifteen (15) years.

8.      For at least fifteen (15) years, Automax has continuously promoted, advertised and sold its pre-owned automobiles under the AUTOMAX trademark and the AUTOMAX distinctive red and blue trade dress (collectively "AUTOMAX Marks"), at its two locations at 1199 Worcester Road, Framingham, Massachusetts 01701 and 400 Maple Street, Marlborough, Massachusetts 01752.  See AUTOMAX Marks below and other examples of Automax's use of the AUTOMAX Marks at **Exhibit A**.



9.      Upon information and belief, since at least as early as 1997 Automax has continuously promoted and advertised its pre-owned vehicles through the internet's two most popular online car shopping destinations, www.cars.com and www.autotrader.com.  Collectively, these websites are visited by over 25 million car shoppers each month.  See web page printouts for www.cars.com and www.autotrader.com at **Exhibit B**.

10.     The AUTOMAX Marks, as used in connection with the sale and advertising of pre-owned automobiles, have come to be known by consumers and have come to represent Automax

as the pre-owned vehicle dealership of choice, known for its solid warranties, variety of cars, costs savings and related automobile services.  All of these elements have combined to build Automax's excellent reputation in the pre-owned vehicle industry and among the public, including many loyal, repeat customers.  Examples of Automax's use of the AUTOMAX Marks are attached hereto as **Exhibit A**.

11.      Automax is the owner of Massachusetts Trademark Registration No. 76282 for the mark AUTOMAX in class 35 for "automotive sales and service," issue on September 27, 2012.  The mark was first used on April 17, 1997.  See copy of Massachusetts Trademark Registration for AUTOMAX at **Exhibit C**.

12.      Automax's pre-owned vehicles bearing the AUTOMAX Marks are also promoted and advertised in print media, radio and television advertisements in Massachusetts.  See **Exhibit D examples of Automax's advertisements**.

13.      The AUTOMAX Marks are highly distinctive and prominently displayed on all dealership signage, merchandising and most of Automax's pre-owned vehicles.  The public has come to recognize and understand that the AUTOMAX Marks distinguish and identify Automax's pre-owned vehicles.  See **Exhibit D examples of Automax's advertisements**.

14.      Automax has extensively and continuously used and promoted its pre-owned vehicles in connection with the AUTOMAX Marks.  Automax has committed substantial amounts of time, money, and resources to market, build and develop its reputation for providing the largest selection of reliable, cost savings, dependable pre-owned automobiles.  Automax's 2011 gross annual sales of pre-owned vehicles totaled tens of millions of dollars.

15.      During the period of January 1, 2012 through August 31, 2012, Automax spent hundreds of thousands of dollars on promoting its pre-owned vehicle inventory and related services under

the AUTOMAX Marks.  As a result of Automax's promotion and advertising of its AUTOMAX

Marks, the public has come to associate the AUTOMAX Marks as the source for pre-owned

automobiles.

16.     As a result of Automax's extensive use and promotion of its AUTOMAX Marks,

Automax has built a valuable reputation and substantial goodwill that is symbolized by the

AUTOMAX Marks.  The purchasing public has come to recognize and associate the

AUTOMAX Marks with Automax and treats them as synonymous.

**DEFENDANT'S INFRINGEMENT, DILUTION, AND
UNLAWFUL ACTIVITIES**

17.     Upon information and belief, Defendant is willfully, intentionally, and maliciously

selling, distributing, advertising, promoting, and offering for sale pre-owned vehicles using the

identical AUTOMAX trademark and the identical red and blue AUTOMAX trade dress, thereby

causing instant and irreparable harm to Automax.  One example of Defendant's infringing use of

the AUTOMAX Marks is:



18.     Upon information and belief, Defendant adopted and started using the AUTOMAX

trademark and identical red and blue AUTOMAX trade dress on or about February 2012, almost

fifteen (15) years after Automax began using, investing and building the goodwill and name

recognition in the AUTOMAX Marks.  See **Exhibit E**, Town of Seekonk, Massachusetts and

Town of North Attleboro, Massachusetts business license/permit and **Exhibit H**.

19.        Upon information and belief, on March 18, 2011 and November 8, 2012, Defendant purposefully purchased and registered the Internet domain names www.prideautomax.com and www.seekonkautomax.com, both of which are identical to or virtually identical to or confusingly similar to the AUTOMAX Marks.  The Infringing Domain Names do not resolve to websites owned or endorsed by Automax.  See **Exhibit F**, www.prideautomax.com and www.seekonkautomax.com web pages and Domaintools.com's identifying registration information for www.prideautomax.com and www.seekonkautomax.com.

20.     On October 5, 2012, Automax sent Defendant by overnight mail and facsimile, a cease and desist letter ("Letter") addressed to Alfred M. Dos Anjos, Jr., the President and CEO of Pride Automax and Seekonk Automax requesting a response by October 19, 2012.  See **Exhibit G**.

21.     Defendant responded to Automax's Cease and Desist Letter one month later on November 5, 2012, claiming that it has not infringed the AUTOMAX Marks.  See **Exhibit H**.

22.     In fact, prior to sending the cease and desist letter, Automax raised the issues of trademark infringement, dilution, and unfair competition during a phone call with Mr. Dos Anjos, Jr. on or around the beginning of September 2012.  Mr. Dos Anjos, Jr. responded to Automax's allegations by claiming that his father, Alfred M. Dos Anjos, Sr. made all the decisions and stated that his father would be in contact with Automax.  Neither Mr. Dos Anjos, Sr., nor anyone else contacted Automax before the October 5, 2012 Letter was sent to Defendant.

23.     Defendant continues to engage in deliberate infringement of the AUTOMAX Marks by distributing, advertising, promoting, offering for sale, and selling, pre-owned vehicles in interstate commerce using marks that are identical to or virtually identical to the AUTOMAX Marks.  Examples of Defendant's infringing use of the AUTOMAX Marks appear on its

websites at www.seekonkautomax.com and www.prideautomax.com, and on the internet are attached as **Exhibit I**.

24.     Upon information and belief, Defendant continues to advertise, promote, offer for sale and has sold pre-owned vehicles and related services using marks that are identical to or virtually identical to the AUTOMAX Marks at both its dealership locations, on its websites and on the internet, see **Exhibit I.**

25.     The pre-owned vehicles that Defendant has advertised, promoted, distributed, offered for sale, and sold are not associated or affiliated with Automax, and Defendant has not been authorized, sponsored, endorsed, or approved by Automax.

26.     Defendant's pre-owned vehicles, signage and locations all bear marks that are identical to or virtually identical to the AUTOMAX Marks, and such pre-owned vehicles are sold and promoted through channels of trade that are the same as Automax's channels of trade.  Upon information and belief, such sales have occurred, and continue to occur, see **Exhibit I**.

27.     Upon information and belief, Defendant's use of marks that are identical to or virtually identical to the AUTOMAX Marks to sell its pre-owned vehicles and such pre-owned vehicles are advertised through media channels that are the same as Automax's channels, including without limitation via the Internet, print media, and television and radio in Massachusetts and throughout the United States.

28.     By promoting, advertising, and selling pre-owned vehicles under marks that are identical to or virtually identical to the AUTOMAX Marks, Defendant is attempting to benefit from the good will and reputation created by Automax over the last fifteen (15) years.

29.     Defendant's use of marks that are identical to or virtually identical to the AUTOMAX Marks already has caused confusion among Defendant's own employees and consumers.

Defendant's infringing use is likely to continue to deceive, confuse, and mislead prospective and actual consumers into believing that Defendant's sale of pre-owned vehicles is authorized by or is in some other manner associated with Automax.  The public is likely to mistakenly believe Defendant's pre-owned vehicles are in fact Automax's pre-owned vehicles or that Automax and Defendant are affiliated.  The likely confusion, mistake, and/or deception engendered by Defendant's misappropriation of the AUTOMAX Marks is causing immediate, substantial, and irreparable harm to the goodwill attached to the AUTOMAX Marks and the good reputation Automax already possesses in the pre-owned vehicle and service industry.

30.     Defendant's activities have caused and/or are likely to cause dilution by blurring and/or tarnishment by eroding the public's identification of the AUTOMAX Marks with Automax and lessening the capacity of these marks to identify and distinguish Automax's pre-owned vehicles and related services.

31.     On information and belief, Defendant, with full knowledge of Automax's prior ownership and use of the AUTOMAX Marks, and without Automax's authorization or consent, has knowingly, willfully, intentionally, and maliciously adopted and used, and continues to adopt and use marks identical to or virtually identical to the AUTOMAX Marks with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill associated with the AUTOMAX Marks.

**FIRST CLAIM FOR RELIEF**
**(False Designation of Origin under the Lanham Act - 15 U.S.C. § 1125(a))**

32.     Automax repeats and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33.     Defendant's use in interstate commerce of the identical AUTOMAX Marks in connection with the sale, offering for sale, distribution, or advertising of, or in connection with Defendant's

pre-owned vehicles and related services is likely to cause confusion or mistake, or to deceive, by

creating the false and misleading impression that Defendant's pre-owned vehicles and related

services are distributed by AUTOMAX, or are associated or connected with AUTOMAX, or are

sponsored by, endorsed by, or approved by AUTOMAX.

34.     Defendant has used, and continues to use, the identical AUTOMAX Marks in violation of

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and Defendant's activities have caused and,

unless enjoined by this Court, will continue to cause a likelihood of confusion and public

deception in the marketplace, and injury to Automax's goodwill and reputation for which

AUTOMAX has no adequate remedy at law.

35.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on

the goodwill associated with the AUTOMAX Marks, thereby causing immediate, substantial,

and irreparable injury to Automax.

36.     Defendant has caused, and is likely to continue causing, substantial injury to the public

and to Automax, and Automax is entitled to injunctive relief, to recover Defendant's profits,

actual damages, and reasonable attorneys' fees and costs, and treble damages, pursuant to 15

U.S.C. §§ 1125, 1116, and 1117.

**SECOND CLAIM FOR RELIEF**
**(Commonlaw Trademark Infringement)**

37.     Automax repeats and incorporates by reference the allegations contained in paragraphs 1

through 36 above as though fully set forth herein.

38.     Defendant's use in the Commonwealth of Massachusetts and interstate commerce of

marks identical to or virtually identical to the AUTOMAX Marks in connection with the sale,

offering for sale, distribution, and/or advertising of pre-owned cars and services has caused

confusion, and is likely to cause mistake, or to deceive, by creating the false and misleading

impression that Defendant's pre-owned cars and services are distributed by Automax, or are associated or connected with Automax, or are sponsored by, endorsed by, or approved by Automax.

39.     Defendant's activities constitute trademark infringement and unfair business competition under the laws of the Commonwealth of Massachusetts, and unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Automax's goodwill and reputation as symbolized by the AUTOMAX Marks, for which Automax has no adequate remedy at law.

40.     On information and belief, Defendant has acted with full knowledge of Automax's use of, and statutory and common law rights to, the AUTOMAX Marks and without regard to the likelihood of confusion created among the public by Defendant's activities.

41.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the AUTOMAX Marks, thereby causing immediate, substantial, and irreparable injury to Automax.

42.     Defendant has caused, and is likely to continue causing, substantial injury to the public and to Automax, and Automax is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, reasonable attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (State Trademark Infringement: Massachusetts)

43.     Automax repeats and incorporates by reference the allegations contained in paragraphs 1 through 42 above as though fully set forth herein.

44.     Automax is the owner of the Massachusetts Trademark Registration No. 76282 for the mark AUTOMAX in class 35 for "automotive sales and service," issued on September 27, 2012. See **Exhibit C**. The Certificate of Registration shown in the attached **Exhibit C** serves as

competent and sufficient proof of registration of Automax's AUTOMAX trademark in Massachusetts.

45.     The AUTOMAX Marks are distinctive and, through long and extensive use, advertising, marketing, and public awareness, possess a high degree of distinctiveness, including in Massachusetts.

46.     On information and belief, Defendant has used and knowingly have enabled others to use and upon information and belief, Defendant will continue to use and will continue knowingly to enable others to use marks identical to or virtually identical to the AUTOMAX Marks in Massachusetts, which use has caused and will continue to cause confusion or to cause mistake or to deceive as to the source or origin of Defendant's goods or services, all in violation of Plaintiff's rights under Massachusetts law.  Such use by Defendant is without Automax's consent.

47.     Defendant's aforesaid acts constitute direct, contributory, or vicarious infringement of Automax's registered trademark, in violation of Mass. Gen. Laws ch. 110H §12.

48.     Upon information and belief, Defendant has used and will continue to use the AUTOMAX Marks in Massachusetts, which use has injured and will continue to injure Automax's business reputation, in an amount to be determined and/or has diluted and will continue to dilute the distinctive quality of Plaintiff's AUTOMAX Marks.

49.     Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

50.     Automax has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (State Trademark Dilution: Massachusetts)

51.     Automax repeats and incorporates by reference the allegations contained in paragraphs 1 through 50 above as though fully set forth herein.

52.     Through Automax's extensive and continuous promotion and use of the AUTOMAX Marks in the Commonwealth of Massachusetts as in interstate commerce, the AUTOMAX Marks have become distinctive, and a known symbol of Automax's goods and services.

53.     Defendant's unauthorized use in Commonwealth of Massachusetts and interstate commerce of marks identical to or virtually identical to the AUTOMAX Marks has diluted, continues to dilute, and/or is likely to cause dilution of the AUTOMAX Marks by tarnishing, blurring, and/or degrading the distinctive quality and/or reputation of the AUTOMAX Marks. Defendant's activities have eroded the public's identification of this famous mark with Automax, caused public deception in the marketplace, injured the value and goodwill associated with the AUTOMAX Marks, and otherwise lessened the capacity of such marks to identify and distinguish Automax's goods and services, for which Automax has no adequate remedy at law.

54.     Defendant's unauthorized use in the Commonwealth of Massachusetts and interstate commerce of marks identical to or virtually identical to the AUTOMAX Marks have and will continue to injure Automax's business reputation.

55.     Defendant's actions are willful and malicious and cause immediate, substantial, and irreparable injury to Automax.

56.     Defendant is causing, and will continue to cause, irreparable injury to Automax's goodwill and business reputation, and dilution of the distinctiveness, value, and reputation of the AUTOMAX Marks in violation of the Mass. Gen. Laws ch. 110H § 13.  Automax is therefore entitled to injunctive relief, costs, as well as, reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Massachusetts Unfair and Deceptive Trade Practices Chapter 93A)

57.     Automax repeats and incorporates by reference the allegations in paragraphs 1 through 56 above as though fully set forth herein.

58.     Defendant's use of marks identical to or virtually identical to the AUTOMAX Marks causes a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's pre-owned vehicles and related services, and causes a likelihood of confusion as to Defendant's affiliation, connection, or association with Automax, and/or otherwise damaging Automax and the public with this confusion.  Defendant's conduct constitutes unfair and deceptive acts or practices in the course of business, trade, or commerce in violation of Massachusetts Unfair Business Practices Act, Mass. Gen. Law ch. 93A, §§ 2 and 11.

59.     Defendant's use of marks that are identical to or virtually identical to the AUTOMAX Marks took place and continues to take place primarily and substantially in the Commonwealth of Massachusetts.

60.     Defendant's unauthorized use of marks identical to or virtually identical to the AUTOMAX Marks has caused and is likely to cause substantial injury to the public and to Automax, and Automax is entitled to injunctive relief and to recover damages, punitive case, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs New England Automax, Inc., d/b/a Automax Preowned and Automax pray that:

(1)     The Court enters a judgment that Defendant has engaged in unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125(a) and/or common law;

(2)     The Court enter a judgment that Defendant has engage in State Trademark Infringement pursuant to Mass. Gen. Laws ch. 110H § 14;

(3)     The Court enters a judgment that Defendant has caused, continues to cause, and/or is likely to cause dilution by blurring and/or tarnishment by impairing the distinctiveness of the AUTOMAX Marks or injuring the business reputation of Automax pursuant to Mass. Gen. Laws ch. 110H § 13;

(4)     The Court enters a judgment that Defendant has engaged in unfair and deceptive trade practices pursuant to Mass. Gen. Laws ch. 93A, §§ 1-11, and/or common law;

(5)     Defendant and each of its agents, officers, employees, representatives, successors, assign, attorneys, and all other person acting for, or on behalf of, Defendant, or in concert or participation with Defendant, be preliminarily and permanently enjoined from:

      (a)     Using the AUTOMAX Marks or any other confusingly similar mark, reproduction, colorable imitation, or simulation of the AUTOMAX Marks on or in connection with Defendant's pre-owned vehicles or services;

      (b)     Using any trademark, service mark, name, logo, or source designation of any kind on or in connection with Defendant's pre-owned vehicles or services that is confusingly similar to the AUTOMAX Marks;

      (c)     Using any trademark, service mark, name, logo, or source designation of any kind or in connection with Defendant's pre-owned vehicles or services that is likely to cause confusion, or to cause mistake, or to deceive, or public misunderstanding that such goods or services are produced or provided by Automax, or are sponsored or authorized by Automax, or are in any way connected or related to Automax;

      (d)      Using any trademark, service mark, name, logo, or source designation of any kind or in connection with Defendant's pre-owned vehicles or services that causes dilution by blurring, tarnishing, and/or degrading the distinctiveness of the AUTOMAX Marks or injuring the business reputation of Automax;

      (e)      continuing any and all acts of unfair competition as alleged herein;

(6)      Defendant be compelled to account to Automax for any and all profits derived by Defendant from the sale of the pre-owned vehicles and related services using the infringing AUTOMAX Marks as described herein;

(7)      Automax be awarded all damages caused by the acts forming the basis of this Complaint, including without limitation Defendant's profits;

(8)      Based on Defendant's knowing and intentional use of the identical AUTOMAX Marks, the damages award be trebled and the award of Defendant's profits be enhanced as called for by 15 U.S.C. § 1117(a) and Mass. Gen. Laws ch. 93A, § 11;

(9)      Defendant be required to pay to Automax the costs of this action and AUTOMAX's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), Mass. Gen. Laws ch. 93A §11;

(10)      Grant all such other and further relief to Automax as the Court may deem just.

## JURY TRIAL DEMAND

Automax respectively demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

NEW ENGLAND AUTOMAX, INC. D/B/A
AUTOMAX PREOWNED AND AUTOMAX

By their attorneys,


   /s/ *Phi Lan M. Tinsley*
David J. Byer (BBO #544411)
*david.byer@klgates.com*
Phi Lan M. Tinlsey (BBO #656815)
*philan.tinsley@klgates.com*
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts  02111
Tel:  (617) 261-3100
Dated:  November 6, 2012       Fax:  (617) 261-3175

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 6, 2012, the attached document was filed electronically through the CM/ECF system, and will send notice to the named Defendant, along with the Summons created by the Court.

*/s/ Phi Lan M. Tinsley*

Phi Lan M. Tinsley
